**NEDA FARAH, ESQ.**
Neda Farah (State Bar No. 269819)
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHNNIE VALENTINE HERNANDEZ,

Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,

Defendant.

Case No. 2:26-cv-1587

**COMPLAINT FOR DAMAGES**

**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

NOW COMES Plaintiff, JOHNNIE VALENTINE HERNANDEZ ("Plaintiff"), by and through his attorneys, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION, LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, and 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is an individual over 18-years-of-age residing in Los Angeles County, California, which is located within the Central District of California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

6. Experian "create[s] credit reports by collecting and analyzing credit histories," and "share[s] this information with businesses so they can calculate a credit decision, usually using a credit score."[1] Experian is a corporation organized under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. TransUnion "is a global information and insights company"[2] regularly engaged in the business of assembling, evaluating, and disbursing information concerning

---

[1] https://www.experianplc.com/about-us/our-business-activities/consumer-services/
[2] https://www.transunion.com/about-us/about-transunion

consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity. TransUnion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## FACTS SUPPORTING CAUSE OF ACTION

9. In early 2025, Plaintiff was looking to apply for a line of credit, so he accessed his credit reports to assess his credit file.

10. Upon reviewing his credit report, however, Plaintiff was taken aback when he noticed that Defendants were reporting a hard inquiry ("subject hard inquiry") that he neither authorized nor initiated.

11. Shortly thereafter, Plaintiff filed an identity theft complaint and affidavit with OneMain Financial Group, LLC ("OneMain"), the furnisher of the subject hard inquiry, disputing the subject hard inquiry's presence on his credit report.

12. In or around February 11, 2025, Plaintiff received a letter from OneMain stating that it sent a request to Defendants for the removal of the subject hard inquiry from his credit reports.

13. OneMain did so because it acknowledged that Plaintiff never authorized or initiated the subject hard inquiry and that it was a result of Plaintiff's identity being stolen.

14. Upon being notified of these issues, Defendants removed the subject hard inquiry from Plaintiff's credit reports.

15. On or around November 14, 2025, Plaintiff applied for a credit card with a major credit card company.

16. To Plaintiff’s shock and confusion, the major credit card company denied his application.

17. The major credit card company based its decision on a review of Plaintiff’s credit reports produced by Defendants, where it found the “Presence of a recent inquiry on [Plaintiff’s] credit report.”

18. On or around November 24, 2025, Plaintiff noticed that Defendants were once again reporting the subject hard inquiry and had done so since November 4, 2025.

19. On or around December 1, 2025, Plaintiff initiated a written credit dispute with Defendants to dispute the subject hard inquiry. As before, Plaintiff communicated that he did not consent to or cause the subject hard inquiry.

20. Thereafter, Defendants removed the subject hard inquiry from Plaintiff’s credit reports. However, the damage was done.

21. Plaintiff was bewildered, that Defendants failed to reasonably investigate Plaintiff’s credit disputes and had ignored notice that the subject hard inquiry was

inaccurate. Had they done so, the subject hard inquiry would have never reappeared in Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

22. The erroneous reporting of the subject hard inquiry paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject hard inquiry has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has delinquent accounts and that he cannot honor his financial obligations, and is thus a high-risk consumer.

23. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

24. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically: invasion of privacy, loss of sleep, out of pocket expenses, including specifically, the loss of credit opportunity, decreased credit score, decreased credit line on his credit card account, certified mail expenses, frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

25. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his credit files.

## COUNT I- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

26. Plaintiff restates and alleges paragraphs 1 through 25 as though fully set forth herein.

27. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

28. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

29. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

30. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

31. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

32. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

33. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting

agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

34. Plaintiff provided Experian with all relevant information in his dispute that the hard inquiry was erroneously being reported, as he had already paid the subject hard inquiry.

35. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting that he was not responsible for the subject hard inquiry.

36. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

37. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

38. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to OneMain. Upon information and belief, Experian also failed to include all relevant information as part of its notice to OneMain regarding Plaintiff's dispute.

39. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject hard inquiry.

40. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

41. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from OneMain that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

42. Experian knew that the inaccurate reporting of the hard inquiry in Plaintiff's credit files under the OneMain trade line would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

43. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

44. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

45. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

46. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

47. Experian acted carelessly by reporting and re-reporting the subject hard inquiry after Plaintiff put Experian on notice that he was not responsible for the same.

48. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

49. Experian exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

50. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed as a result of Experian's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, JOHNNIE VALENTINE HERNANDEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

51. Plaintiff restates and alleges paragraphs 1 through 25 as though fully set forth herein.

52. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

53. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

54. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

55. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

56. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible

accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

57. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

58. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

59. Plaintiff provided TransUnion with all relevant information in his dispute that the subject hard inquiry was erroneously being reported, as he had never authorized or initiated the subject hard inquiry.

60. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject hard inquiry.

61. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

62. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

63. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to OneMain. Upon information and belief, TransUnion also failed to include all relevant information as part of its notice to OneMain regarding Plaintiff's dispute.

64. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject hard inquiry.

65. Trans Union violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

66. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from OneMain that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

67. TransUnion knew that the inaccurate reporting of the subject hard inquiry in Plaintiff's credit files under the OneMain trade line would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

68. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

69. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

70. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

71. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

72. TransUnion acted carelessly by reporting and re-reporting the hard inquiry after Plaintiff put TransUnion on notice that he was not responsible for the same.

73. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

74. TransUnion exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

75. As set forth in paragraphs 22 through 25, *supra*, Plaintiff has been harmed as a result of TransUnion's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, JOHNNIE VALENTINE HERNANDEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: February 16, 2026

Respectfully submitted,

By: _/s/ Neda Farah_
Neda Farah, Esq.
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com